IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,  No. CIV S-09-1866-CMK-P

    Plaintiff,

  vs.  ORDER

R.J. RACKLEY, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's complaint (Doc. 1).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he informed the correctional officers at Deuel Vocational Institution (DVI) that he was having difficulties with his cellmate. He put in several requests for his cellmate to be moved, which apparently were not acted upon. He specifically requested a conference with one correctional officer, but was told that the correctional officer was not at his normal post, and was not willing to hear Plaintiff's complaint. On that same day, Plaintiff and his cellmate had a confrontation which resulted in prison disciplinary proceedings. Plaintiff states he was placed in the secured housing unit (SHU), where he has remained following the ICC committee finding that he was guilty of fighting and had a documented enemy. He argues that he has signed the necessary paperwork indicating that he is not claiming a documented enemy, but apparently his old cellmate is claiming enemy status. Due to his cellmate's claim that they are enemies, Plaintiff is being retained in the SHU.

The defendants Plaintiff has named in this action are: R.J. Rackley, Chief Deputy Warden at DVI; Salinas, Warden of DVI; Mathew Cate, Director of California Department of Corrections and Rehabilitation; and "John & Jane Does, to be added as their names become available." He alleges that defendant Rackley was a member of the ICC committee, but has not alleged any facts related to defendants Salinas or Cate.

## II.  DISCUSSION

It appears that Plaintiff is claiming that he was unjustly found guilty of fighting with his cellmate and having a documented enemy, and is inappropriately housed in the SHU.[1] He also appears to be claiming the unnamed correctional officers failed to protect him from his cellmate.  To the extent these are his claims, the court finds that his complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, there also appear to be some deficiencies in his complaint which need to be addressed.  First, Plaintiff has named three individual defendants as well as "Doe" defendants.  The only individual defendant Plaintiff makes specific allegations against is Rackley, who he alleges was a member of the ICC committee that decided to house him in the SHU.  He makes no allegations as to defendant Salinas or Cate.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

---

[1] Housing in the SHU appears to be the only result from the challenged disciplinary proceeding.  There is nothing in the complaint to indicate the disciplinary proceedings had any affect on the duration of Plaintiff's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003)

constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In addition, these two defendants appear to be supervisory personnel, namely the Warden and CDCR Secretary.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

As Plaintiff fails to allege any involvement of either defendant Cate or Salinas, it appears these two individuals should be dismissed from this action.  Plaintiff will therefore be required to show cause in writing, within 30 days of the date of this order, why these two defendants should not be dismissed from this action for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in the dismissal of these defendants.  See Local Rule 11-110.

In addition, Plaintiff has named "Doe" defendants.  The potential "Doe" defendants appear to be related to his claim of failure to protect.  Doe defendants are not favored in the Ninth Circuit as a general policy.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

1  Cir.1980); <u>Velasquez v. Senko</u> 643 F. Supp. 1172, 1180 (N.D. Cal.1986).  However, there are
2  situations where the identity of alleged defendants cannot be known at the time the complaint is
3  filed.  "In such circumstances, the plaintiff should be given an opportunity through discovery to
4  identify the unknown defendants, unless it is clear that discovery would not uncover the
5  identities, or that the complaint would be dismissed on other grounds."  <u>Gillespie</u>, 629 F.2d at
6  642 (citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1152 (4th Cir.1978), cert. denied, 439 U.S. 970
7  (1978); <u>Wells Fargo & Co. v. Wells Fargo Express Co.</u>, 556 F.2d 406, 430-431 n.24 (9th
8  Cir.1977); <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 n.13(1978)).

9    Upon discovering the name of the "Doe" defendants, or any of them, plaintiff
10 must promptly file a motion for leave to amend, accompanied by a proposed amended complaint
11 identifying the additional defendant or defendants.  Plaintiff is cautioned that undue delay in
12 discovering the "Doe" defendants' names and seeking leave to amend may result in the denial of
13 leave to proceed against these defendants.

### III.  CONCLUSION

15   The complaint appears to state a cognizable claim for relief, pursuant to 42 U.S.C.
16 § 1983 and 28 U.S.C. § 1915A(b), against defendant Rackley.  If the allegations are proven,
17 plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore,
18 finds that service is appropriate as to defendant Rackley, and will direct service by the U.S.
19 Marshal without pre-payment of costs.  However, Plaintiff is responsible for providing sufficient
20 information to serve the defendant(s).  <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir.
21 1994) (abrogated on other grounds). Plaintiff is therefore informed that this action cannot
22 proceed further until plaintiff provides the court with the necessary service documents, as
23 identified below.

24   In addition, as discussed above, Plaintiff's complaint fails to state a claim against
25 either defendant Cate or Salinas, and it appears these two individuals should be dismissed from
26 this action.  If Plaintiff fails to show cause, within the time frame set forth in this order, as to why

these defendants should not be dismissed from this action for failure to state a claim, the court will dismiss these two defendants, by separate order, and this case will proceed against defendant Rackley only.

Plaintiff is warned that failure to comply with all of the requirements set forth in this order, may result in dismissal of the action for the reasons outlined. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The court authorizes service on the following defendant(s):

   R.J. RACKLEY

2. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint;

3. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form(s); and

   d. Two copies of the endorsed complaint; and

4. Plaintiff shall show cause in writing, within 30 days of the date of this order, why defendants Cate and Salinas should not be dismissed from this case for failure to state a claim against them.

DATED: December 16, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,                                    No. CIV S-09-1866-CMK-P

      Plaintiff,

  vs.

R.J. RACKLEY, et al.,

      Defendants.

                               /

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

      Plaintiff hereby submits the following documents in compliance with the court's order:

         1         completed summons form;

                  completed USM-285 form(s); and

                  copies of the complaint.

DATED: _____                            _____
                                                                      Plaintiff