**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LARRY W. KIRK,

Plaintiff,

vs.

R.J. RACKLEY, et al.,

Defendants.

_______________________________/

No. CIV S-09-1866-FCD-CMK-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendant' motion to dismiss (Doc. 19).

**I. BACKGROUND**

This action proceeds on Plaintiff's original complaint (Doc. 1), against defendant Rackley, the only identified defendant for whom service was found appropriate. Plaintiff alleges that he was unjustly found guilty of fighting with his cellmate and having a documented enemy, and is inappropriately housed in the SHU. He also alleges some unknown correctional officers failed to protect him from his cellmate.

/ / /

/ / /

## I. DISCUSSION

Defendant brings this motion to dismiss based on Plaintiff's failure to allege facts sufficient to state a claim for which relief can be granted. Plaintiff filed an opposition to the motion, and Defendant filed a reply.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Defendant argues Plaintiff's allegations are insufficient to state a claim for violation of his Due Process rights, the only allegation against defendant Rackley. Defendant states the only allegation in the complaint against him arise from his role as a member of the Institution Classification Committee (ICC), which decided to retain Plaintiff in administrative segregation. To the extent Plaintiff is trying to claim his due process rights were violated by the ICC's decision to retain him in administrative segregation, he fails to allege facts sufficient to support such a claim.

In response, Plaintiff argues that he informed defendant Rackely on numerous occasions that he was not claiming an enemy concern and that he could not be held in administrative segregation based on anther inmate's enemy concern, especially when that other inmate was released from administrative segregation and housed in the general population.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or

property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not

necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

If a prisoner is subject to non-disciplinary segregation, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Due process does not require "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the

prisoner in administrative segregation." Id. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id.

Here, Plaintiff's claim is that the ICC decision to retain him in administrative segregation[1] violated his due process rights, and defendant Rackley was a member of that committee. He alleges that he was retained in administrative segregation due to enemy concerns, even though he was not the one claiming enemy concerns. However, the complaint makes it clear that he received notice that his retention in segregation was because of enemy concerns, he was permitted to attend the non-adversarial classification hearing and was allowed to present his views concerning his retention in segregation. Thus, there was no violation of his due process rights.

The only other cognizable claim in his complaint is a failure to protect claim alleged against "Doe" defendants. Plaintiff was previously informed that this action cannot go forward against unknown defendants. He was instructed that upon discovering the name of the "Doe" defendants, or any of them, he must promptly file a motion for leave to amend, accompanied by a proposed amended complaint identifying the additional defendant or defendants. Plaintiff was cautioned that undue delay in discovering the "Doe" defendants' names and seeking leave to amend may result in the denial of leave to proceed against these defendants.

No request for leave to file an amended complaint has been filed with the court. As the undersigned is recommending the dismissal of the only properly named defendant, it is also appropriate to recommend the dismissal of the case as a whole based on Plaintiff's failure to discover the names of the "Doe" defendants.

/ / /

[1] It is noted that Plaintiff is not challenging the original decision to place him in administrative segregation nor the duration of his time in administrative segregation. Rather, he is challenging the ICC's decision to retain him in administrative segregation pending Classification Staff Representative (CSR) review and transfer.

**III. CONCLUSION**

Based on the foregoing, the undersigned recommends that Defendant Rackley's motion to dismiss (Doc. 19) be granted and the case be dismissed in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2010

Craig M. Kellison

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE